# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| Damien Sweet,<br><br>   Plaintiff,<br><br>v.<br><br>Maricopa County,<br><br>   Defendants. | No. CV 05-1567 PHX SRB (JM)<br><br>**REPORT AND RECOMMENDATION** |

In accordance with 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice of the United States District Court for the District of Arizona, this case was referred to the Magistrate Judge for all pretrial proceedings and report and recommendation. For the reasons explained below, the Magistrate Judge recommends that the District Court, after independent review of the record, dismiss the Complaint [Docket No. 1] with prejudice due to the Plaintiff's failure to provide a current address and to prosecute this action.

Plaintiff filed *pro se* the above-titled civil rights action pursuant to 42 U.S.C. § 1983 on May 25, 2005, complaining about the conditions at the Durango Jail in Phoenix, Arizona. The Clerk of Court was ordered to send a service packet to the Plaintiff which was due to be returned by November 14, 2005. However, on October 28, 2005, the service packet was returned as undeliverable. The reason for return was Plaintiff's release, and it was noted that no forwarding information was available.

In Judge Bolton's order dated October 24, 2005, Plaintiff was warned that the failure to comply with any court order would subject this action to dismissal. Plaintiff has failed to comply with the Court's order because he has not returned the completed service packet.

1  Additionally, Plaintiff was informed that the failure to file a Notice of Change of Address
2  may result in the dismissal of the action for failure to prosecute pursuant to Rule 41(b) of the
3  Federal Rules of Civil Procedure.  Without a current address, there is little the Court can do
4  to attempt to remedy this situation.  As the Plaintiff has failed to inform the Court of his
5  current whereabouts and has failed to return the service packet, he has failed to pursue the
6  prosecution of his case and he is in violation of Judge Bolton's order. As such, dismissal of
7  this action with prejudice is appropriate.  *Owens v. Kaiser Foundation Health Plan, Inc.*, 244
8  F.3d 855, 858-59 (9th Cir. 2001) (dismissal for failure to prosecute acts as an adjudication on
9  the merits).

**Recommendation**

Based on the foregoing, the Magistrate Judge **recommends** that the District Court, after its independent review, issue an Order **dismissing** this matter with prejudice.

This Recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

However, the parties shall have ten (10) days from the date of service of a copy of this recommendation within which to file specific written objections with the District Court.  *See* 28 U.S.C. § 636(b)(1) and Rules 72(b), 6(a) and 6(e) of the Federal Rules of Civil Procedure. Thereafter, the parties have ten (10) days within which to file a response to the objections. If any objections are filed, this action should be designated case number: **CV 05-1567-PHX-SRB**.  Failure to timely file objections to any factual or legal determination of the Magistrate Judge may be considered a waiver of a party's right to *de novo* consideration of the issues. *See United States v. Reyna-Tapia* 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*).

DATED this 1st day of December, 2005.

Jacqueline Marshall
United States Magistrate Judge

2